IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01221-BNB

PATRICIO CHAIREZ,

      Applicant,

v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN SUTHERS,

      Respondents.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 4 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant Patricio Chairez is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Chairez initiated this action by filing a ***pro se*** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 96-CR-112 in the Moffat County District Court of Colorado. In an order entered on June 2, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After receiving an extension of time, on June 30, 2009, Respondents filed a Pre-Answer Response. After also receiving an extension of time, Mr. Chairez filed his Reply on August 24, 2009.

The Court must construe liberally the Application filed by Mr. Chairez because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On January 16, 1997, Mr. Chairez pleaded guilty to second degree murder. Pre-Answer Resp. at 2. He was sentenced to forty years of incarceration on April 23, 1997. *Id.* Mr. Chairez filed a *pro se* Motion for Reduction of Sentence pursuant to Colo. R. Crim. P. 35(b) on May 29, 1997. Pre-Answer Resp. Ex. A at p. 7 (State Register of Actions). On June 9, 1997, Mr. Chairez filed a Motion for Court Appointed Counsel, to request help in preparing a Colo. R. Crim. P. 35(c) motion, and the state court granted his request on June 11, 1997. *Id.* On July 13, 1997, the state court denied Applicant's Rule 35(b) motion. *Id.* at Ex. B, p. 7.

On April 20, 2000, Mr. Chairez filed, through counsel, a motion to withdraw his guilty plea and for relief pursuant to Rule 35(c), alleging that he had received ineffective assistance of trial counsel, and that his plea was not intelligently, voluntarily and knowingly entered. *Id.* at 8. On October 12, 2000, Mr. Chairez filed, through counsel, a supplement to his Rule 35(c) motion, alleging that he had never been advised of his right to a direct appeal of his sentence, and that his lawyer's failure to advise him of his appellate rights constituted ineffective assistance of counsel. *Id.* at Ex. A, p. 11. On November 20, 2001, the state court issued a written ruling titled "Order Denying

2

Defendant's Motion to Withdraw Plea File April 20, 2000 and Granting the Supplement

Thereto Filed on October 12, 2000." *Id.* at Ex. B.  In the order, the state court rejected

Mr. Chairez's claims that his plea counsel was ineffective and that his guilty plea was

not voluntary. *Id.* at 14-17.  However, the state court also found that Mr. Chairez had

not been properly advised of his right to appeal his sentence, and therefore, that he had

a "right to appeal the sentence previously imposed." *Id.* at 17.

Mr. Chairez subsequently appealed the trial court's finding that he had been

effectively represented by plea counsel to the Colorado Court of Appeals (CCA), and

the CCA affirmed the trial court on April 24, 2003. ***See People v. Chairez***, No.

02CA0003 (Colo. App. April 24, 2003) (unpublished opinion).  The Colorado Supreme

Court denied Mr. Chairez's petition for writ of certiorari on August 25, 2003.  Pre-

Answer Resp. Ex. A at p. 15.

On December 15, 2003, Mr. Chairez filed a second motion for reconsideration of

his sentence pursuant to Rule 35(b). *Id.*  The trial court denied the motion on January

8, 2004.  Pre Answer Resp. at 4.  Mr. Chairez did not, however, file a direct appeal of

his sentence.

On August 30, 2004, Mr. Chairez filed a motion for post-conviction relief pursuant

to Rule 35(c), asserting that the attorneys appointed to represent him during his

previous post-conviction motion had been ineffective in failing to directly appeal his

sentence after the trial court reinstated his right to appeal. *Id.*  Also on August 30, Mr.

Chairez filed a motion for correction of an illegal sentence pursuant to Rule 35(a). *Id.*

The trial court summarily denied both motions on July 11, 2006, holding that the

3

previous trial court was improper when it reinstated Mr. Chairez's "appellate rights at least four years after the filing deadline had passed." *Id.* at Ex. G, p. 11. Mr. Chairez appealed to the CCA, and the CCA affirmed the trial court on January 24, 2008, holding that the trial court had properly reinstated his right to direct appeal, but nevertheless finding that Mr. Chairez could not demonstrate that he would have prevailed on a direct appeal of his sentence. *See People v. Chairez*, No. 06CA1759 (Colo. App. Jan. 24, 2008) (unpublished decision).

Mr. Chairez then filed the instant action, which was received for filing on May 15, 2009. In the Application, Mr. Chairez identifies three claims, including: (1) that his rights to due process and equal protection were violated because he was sentenced to forty years incarceration pursuant to a sentence-enhancing statute which was never charged in the original information; (2) that his plea counsel was ineffective by misrepresenting crucial information; and (3) that his rights to due process and equal protection were violated when he was denied the right to a direct appeal of his sentence.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

4

> prevented from filing by such State action;
>
> (C)  the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D)  the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Because Mr. Chairez did not file a direct appeal, his conviction became final on
June 9, 1997, forty-five days after he was sentenced. *See* Colo. App. R. 4(b); *Locke v.
Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  However, Respondents recognize that
the trial court's November 20, 2001 order reinstating his right to appeal alters the
timeliness analysis and, in effect, restarts the clock for purposes of AEDPA. *See, e.g.,
Frazier v. Stickman*, 389 F.Supp.2d 623, 627 fn. 6 (E.D. Pa. 2005) (noting that once
appeal rights are reinstated by the state court, the AEDPA limitations period would re-
commence at the conclusion of his direct appeal).  Mr. Chairez had 45 days after his
appeal was reinstated (until January 4, 2002) to file a direct appeal, but did not do so.

Therefore, his sentence became final on January 4, 2002, and the 1-year statute
of limitations began to run on January 5, 2002.  As such, the Court must next determine

5

whether any of Mr. Chairez's state court post-conviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law.  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."  *Gibson*, 232 F.3d at 804.

Finally, in Colorado, a defendant has 45 days from "the entry of judgment or order appealed from" to appeal to the Colorado Court of Appeals from an order by a district court, and 46 days from the entry of judgment to file a petition for writ of certiorari with the Colorado Supreme Court from a decision by the Colorado Court of

6

Appeals. *See* Colo. R. App. P. 4(b)(1); Colo. R. App. P. 52(b)(3).

As of January 4, 2002, the date his sentence became final, Mr. Chairez was in the process of appealing the trial court's denial of his April 20, 2000 motion to withdraw his guilty plea. *See* Pre-Answer Resp. at 7. This post-conviction appeal concluded on August 25[1], 2003, when the Colorado Supreme Court denied his petition for writ of certiorari. *Id.*

There were no pending motions for post-conviction relief between August 26, 2003 and December 14, 2003. These **110** days are credited against the 1-year statute of limitation. Respondents assert that Mr. Chairez then filed a Rule 35(b) motion to reconsider his sentence on December 15, 2003, which was denied on January 8, 2004. Pre-Answer Resp. at 7. Mr. Chairez had 45 days, or until February 23, 2004, to appeal the order. *See* Colo. App. R. 4(b). There were no pending post-conviction motions between February 23, 2004 and August 29, 2004. These **188** days are also credited against the 1-year statute of limitation.

On August 30, 2004, Mr. Chairez filed a Rule 35(c) motion for post-conviction relief and a Rule 35(a) motion for correction of illegal sentence. Pre-Answer Resp. at 7. Counsel was subsequently appointed for Mr. Chairez, and the motions remained pending until May 16, 2006, when the trial court ruled that if no further pleadings were entered by June 30, 2006, the issue would be deemed abandoned. *Id.* at Ex. A, p. 16. On June 5, 2006, Mr. Chairez filed, through counsel, a motion for post-conviction relief.

---

[1]Respondent incorrectly identifies this date as August 27, 2003, the date the Supreme Court's order was entered in the trial court register of actions. However, the order is actually dated August 25, 2003. Pre-Answer Resp. at Ex. F.

*Id.* The trial court denied the motion by order dated July 11, 2006. *Id.* Mr. Chairez appealed to the CCA, the CCA affirmed the trial court, and the Colorado Supreme Court denied certiorari by order dated May 19, 2008. *Id.* at Ex. K. Thereafter, **359** days passed until Mr. Chairez's Application was received by the Court on May 15, 2009. Therefore, a total of **657** days has passed, and the Application was untimely filed pursuant to 28 U.S.C. § 2244(d)(1)(A) absent equitable tolling of the limitations period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Chairez bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Chairez fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

8

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Chairez has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 23 day of _____ Sept. _____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  09-cv-01221-BNB

Patricio Chairez
Reg No. 87926
Sterling Correctional Facility
PO Box 6000 - Unit 4
Sterling, CO 80751

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/24/09

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk